29.755-03

This document contains some
pages that are of poor quality
at the time of imaging.

Addendum                                    4/8/15

Court Clerk please file under Tr. Ct. No. 429-81194-10-HC

and W10-16130-Q(A) and file/stamp and

please return to me a stamped copy.

Thank You

william Sedric Autrey

4/8/15

14059845 KT-2F

P.0. Box 660334

Dallas TT 75266

**MOTION DENIED**
DATE: 4-20-15
BY: P.C.

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

To The Court of Criminal Appeals

The State of Texas        Tr. Ct No. 429-81194-10-HC
       V.        & W10-16130-Q (A)

William Sedric Autrey Pro Se

Motion For Leave of Court or
Return To The District Court
to Supplement Previously Filed
State 11.07 Writ of Habeas Corpus

To The Honorable Court

    Now Comes William Sedric Autrey Pro Se herein
referred to as Petitioner in the above styled and
numbered cause and requests This Court to grant
Petitioners Motion For leave or return to the Lower
Court to Raise unexhausted Federal Claims and
would show The court as follows:

    The Petitioner is a layman to Low unskilled
in the language, syntax and drafting of a law that a
skill attorney would apply.

    Petitioner pray That the court will review his
claims under the Pro Se litigant pleadings, Petitioner
states That his claims should not be procedurally
barred nor should they fall under abusive writs
Petitioners claims should be granted under due
diligence; under Due Diligence; under Extraordinary
situations and under Newly discovered evidence.

Petitioner further states that at no time has he stopped tolling his case either in State Court, Court of Appeals or Court of Criminal Appeals. Petitioner is representing himself pro se, has to apply to go to the law library, to ask legal questions, study and research case laws. The time allowed at the jail law library is limited to 1hr a week, and its ill equipped, but thru necessity after receiving a lengthy sentence, and thru due diligence, the petitioner discovered 3 more constitutional violations, and because of poor representation, and petitioner did not have money to hire counsel.

## Claims & Arguements

Petitioner claims that his first habeas writ was not adjudicated on the constitutional merits instead Petitioners Habeas writ was white carded by the Court of Criminal Appeals without written opinion leaving Petitioner no room for rebuttal arguements Petitioner claims that his discovery of constitutional violations was the result of ineffective assistance of counsel — at the time petitioner did not know anything about the law and relied solely on the ill advise and representation of his attorney. Therefore the court should reconsider his unexhausted discovery claim.

## Discovery Claims Are:

under cause: 429-81194-10 petitioners states in Collin County the state abused its discretion and showed prejudice by denying him effective assistance of counsel on direct Appeal

after petitioner was convicted on the offense of organized crime. [see argument enclosed] The U.S. S. Ct. have long stated That "Fairness of The Appellate Process requires that a defendant must receive more than nominal representation from counsel. (2) Constitutional violation unders cause # F10-16130, Petitioner state The The State abused its discretion and showed prejudice when The Court failed to recongnize Petitioner's Motion Letters to allow him to represent himself due to conflict of interest. (3) Breach of Contract by The State in its proffer deal with Petitioner in 2008, Feb 25, 2008 and May 6, 2008 change of it. after Petitioner had fulfilled his obligation. F10-16130 [See Argument enclosed]

## Arguements by Petitioner

Petitioner adds to previously submitted 11.07 related to F10-16130 and 429-81194-10, 3 constitutional violations by the State in Dallas and Collin County. In Dallas related to F10-16130 Petitioner previously waived right to Counsel and expressed his intent thru letters to the trial court on 3/5/12 - 3/12/12 to represent himself. This was done in a timely manner, and knowingly intelligently. Petitioner as evidenced thru his letters knew what was at stake. Under Faretta v. California 422 U.S. 806, 95 S.Ct 2525 45 L. Ed 2d 562 (1975) Petitioner had a right to be Pro Se. The trial court never warned him of the dangers or pitfalls, never inquired into his right or intent or desire as Faretta & 6th amendment require. This is a per se judicial violation under Neder v. United States 527 U.S. 1, 8, 119 S.Ct 1827, 1834. 144 L. Ed 2d 35, 45 (1999) Structural Error. No harmless analysis is required.

Then Breach of Contract by the State in its proffer agreement with Petitioner on Feb 25, 2008 The original one, which on May 6, 2008, the State changed the original terms of the contract/proffer (after Petitioner met the terms of the original proffer on Feb 27, 2008 and March 24, 2008) in violation of Santobello v. New York Art 1 sec 10 of U.S. Const. and Ricketts v. Adamson 483 U.S.

i, 5-6 n. 3, 107 S. Ct 2680, 97 L. Ed 2d (1987)

In Collin County 296th 429-81194-10 The Trial Court ~~is denied appeal~~ denied Petitioner Counsel on direct appeal after Petitioner was convicted of organized crime on 10/9/14 and sentenced to 4 life sentences, Petitioner signed certification of appeal on 10/9/14, was not given an attorney as a right under 6th amendment. Petitioner on 10/10/14 filed timely Notice of Appeal and Motion For New Trial & Arrest and Judgment, and its subsequent supplemental Motion and Appeal. Petitioner was not given an appellate ~~attorney~~ attorney until Dec 8, 2014, 61 Days later denying him right to appeal trials courts decision, denying him The "right of an attorney for Motion for New Trial" (Connor v. State 877 S.W. 2d 325 TX Crim App 1994), right to appellate attorney under 6th amendment, causing Petitioner to be denied the right to appeal denials of Motion for New Trial, causing Petitioner to be in violation of TX. C.C.P 26.3 and 10.5(b) and possibly lose right to direct appeal. see Douglass v. ~~California~~ California 312 U.S. 353, 357-58, 83 S.Ct. 814, 816-17 9 L.Ed 2d 811, 814-15 (1963) Strickland v. Washington 104 S.Ct and Evitts v. Lucey 469 U.S. 387, 396, 105 S.Ct 830, 836, 83 L. Ed 2d 821, 830 (1985) 14th amend, 6th 5th amend violations by The states & Trial Court.

To The Court of Criminal Appeals

The State of Texas

V.

William Sedric Autrey Pro Se

Motion For Leave of Court or
Return To The District Court
to Supplement Previously Filed
State 11.07 Writ of Habeas Corpus

To The Honorable Court

Now Comes William Sedric Autrey Pro Se herein referred to as Petitioner in the above styled and numbered cause and requests This Court to grant Petitioners Motion For leave or return to the Lower Court to have unexhausted Federal Claims and would show The court as follows:

The Petitioner is a layman to Law unskilled in the language, syntax and drafting of a law that a skill attorney would apply.

Petitioner pray That the court will review his claims under the Pro Se litigant pleadings, Petitioner states That his claims should not be procedurally barred nor should They fall under abusive writs Petitioners claims should be granted under due diligence; under Due Diligence; under Extraordinary situations and under Newly discovered evidence.

Petitioner further states that at no time has he stopped tolling his case either in State Court, Court of Appeals or Court of Criminal Appeals. Petitioner is representing himself pro se, has to apply to go to the law library, to ask legal questions, study and research case laws. The time allowed at the jail law library is limited to 1 hr a week, and its ill equipped, but thru necessity after receiving a lengthy sentence, and thru due diligence, the petitioner discovered <u>3</u> more constitutional violations, and because of poor representation, and petitioner did not have money to hire counsel.

## Claims & Arguements

Petitioner claims that his first habeas writ was not adjudicated on the constitutional merits instead Petitioners Habeas writ was white carded by the Court of Criminal Appeals without written opinion leaving Petitioner no room for rebuttal arguements Petitioner claims that his discovery of constitutional violations was the result of ineffective assistance of counsel — at the time petitioner did not know anything about the law and relied soley on the ill advise and representation of his attorney. therefore the court should reconsider his unexhausted discovery claim.

## Discovery Claims Are:

under cause: 429-81154-10 petitioner states in Collin County the state abused its discretion and showed prejudice by denying him effective assistance of counsel on direct Appeal

after petitioner was convicted on the offense of organized crime. [see arguement enclosed] The U.S. S. Ct. have long stated that "Fairness of the Appellate Process requires that a defendant must receive more than nominal representation from counsel. (2) Constitutional violation unders cause # F10-16130, Petitioner state the the State abused its discretion and showed prejudice when the Court failed to recongnize Petitioner's Motion Letters to allow him to represent himself due to conflict of interest. (3) Breach of Contract by the State in its proffer deal with Petitioner in 2008, Feb 25, 2008 and May 6, 2008 change of it. after Petitioner had fulfilled his obligation. F10-16130 [see Arguement enclosed]

## Arguments by Petitioner

Petitioner adds to previously submitted 11-07 related to F10-16130 and 429-81194-10, 3 constitutional violations by the State in Dallas and Collin County. In Dallas related to F10-16130 Petitioner previously waived right to Counsel and expressed his intent Thru letters to The trial court on 3/5/12 - 3/12/12 to represent himself. This was done in a timely manner, and knowingly intelligently. Petitioner as evidenced thru his letters knew what was at stake. Under Faretta v. California 422 U.S. 806, 95 S.Ct 2525 45 L. Ed 2d 562 (1975) Petitioner had a right to be Pro Se. The trial court never warned him of The dangers or pitfalls, never inquired into his right or intent or desire as Faretta & 6th amendment require. This is a per se judicial violation under Neder v. United States 527 U.S. 1, 8, 119 S. Ct 1827, 1834. 144 L. Ed 2d 35, 45 (1999) Structural Error. No harmless analysis is required

Then Breach of Contract by The State in its proffer agreement with Petitioner on Feb 25, 2008 The original one, which on May 6, 2008, The State changed The original terms of The contract/proffer (after Petitioner met The terms of The original proffer on Feb 27, 2008 and March 24, 2008) in violation of Santobello v. New York Art I sec 10 of U.S. Const. and Ricketts v. Adamson 483 U.S.

i, 5-6 n. 3, 107 S.Ct 2680, 97 L. Ed 2d (1987)

In Collin County 296th 429-81194-10 The Trial Court ~~is denied appeal~~ denied Petitioner Counsel on direct appeal after Petitioner was convicted of organized crime on 10/9/14 and sentenced to 4 life sentences. Petitioner signed certification of appeal on 10/9/14, was not given an attorney as a right under 6th amendment. Petitioner on 10/10/14 filed timely Notice of Appeal and Motion For New Trial & Arrest and Judgment, and its subsequent supplemental Motion and Appeal. Petitioner was not given an appellate ~~attorney~~ attorney until Dec 8, 2014, 61 Days later denying him right to appeal trials Courts decision, denying him The "right of an attorney for Motion for New Trial "(Connor v. State 877 S.W. 2d 325 TX Crim App 1994), right to appellate attorney under 6th amendment, causing Petitioner to be denied The right to appeal denials of Motion for New Trial, causing Petitioner to be in violation of TX. C.C. P 26.3 and 10.5(b) and possibly lose right to direct appeal. see Douglas v. ~~California~~ California 312 U.S. 353, 357-58, 83 S.Ct. 814, 816-17 9 L.Ed 2d 811, 814-15 (1963) Strickland v. Washington 104 S.Ct and Evitts v. Lucey 469 U.S. 387, 396, 105 S.Ct 830, 836, 83 L. Ed 2d 821, 830 (1985) 14th amend, 6th 5th amend violations by The States & Trial Court.